1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    JOSE LUIS LARA,                        )
                                             )   No. C 04-00348 JW (PR)
12                   Plaintiff,              )
                                             )   ORDER DIRECTING PLAINTIFF TO
13           vs.                             )   EFFECTUATE SERVICE UPON OR
                                             )   PROVIDE COURT WITH LOCATION
14    DR. POSNER, et al.,                    )   INFORMATION FOR DEFENDANTS
                                             )
15                   Defendants.             )
                                             )
16                                           )
                                             )
17    ─────────────────────────────────      )

18           Plaintiff, a California prisoner currently incarcerated at Salinas Valley State

19    Prison ("SVSP"), filed a pro se civil rights action under 42 U.S.C. § 1983.

20    Plaintiff's original complaint was dismissed with leave to amend.  Plaintiff filed an

21    amended complaint on May 17, 2004, alleging he received inadequate medical care

22    from SVSP employees Dr. Posner, Dr. Haffner, Medical Technical Assistant J.

23    McAnutez, and Medical Technical Assistant Willis.  On November 9, 2006, the

24    court found that the amended complaint, when liberally construed, stated aclaim

25

26

27

28

United States District Court
For the Northern District of California

against Meyer.[1]  In that same order, the Court directed the clerk to prepare the summons for service of the second amended complaint upon Meyer, and the United States Marshal to effectuate such service.  The Clerk prepared the summons for service of Meyer at SVSP, where plaintiff indicated he was located.  The Marshal returned the summons unexecuted because Meyer was not located at SVSP.

In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d).  The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).  Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge."  Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, plaintiff's second amended complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice.  See Fed. R. Civ. P. 4(m).  Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Meyer, and consequently plaintiff must remedy the situation or face dismissal of his complaint without prejudice.  See Walker v. Sumner, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

_____

[1]Claims against Wysinger were dismissed for failure to state a cognizable claim for relief.

1    Accordingly, plaintiff must either himself effect service on defendant Meyer,

2  or provide the Court with an accurate current location such that the Marshal is able

3  to effect service.  If plaintiff fails to effectuate service on defendant Meyer, or

4  provide the Court with an accurate current location for said defendant, within **thirty**

5  **(30) days** of the date this order is filed, plaintiff's claims against said defendant will

6  be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil

7  Procedure.

8

9  DATED: _____          _____

                    August 31, 2007

10                                            JAMES WARE
                                             United States District Judge